### Hunter, Allen & Company, Appellants, v. The Village of Exeter, Appellee.

MUNICIPAL CORPORATIONS—*when not liable for merchandise.* A village is not liable for merchandise which was never bought for nor used by it and which was not in any way contracted for by it or its purchase authorized. Such village, likewise, is not bound by virtue of the principle of estoppel by a showing that the person who ordered such merchandise had previously ordered like merchandise for such village, the bills for which had been paid by such village, unless such showing is accompanied by evidence tending to establish that the prior purchases were made without express authority.

Assumpsit. Appeal from the Circuit Court of Scott county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

F. C. FUNK and J. A. WARREN, for appellants.

J. M. RIGGS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Hunter, Allen & Company sought to recover from the Village of Exeter for some cement alleged to have been sold by said firm to the Village of Exeter in the

year 1906. Upon a trial in the Circuit Court of Scott county the court directed a verdict in favor of the village upon which a judgment was afterward rendered and Hunter, Allen & Company appealed.

A fair review of the evidence which was offered to establish the alleged liability upon the part of the village shows that appellants, a firm dealing in cement at "Bluffs," Illinois, sold and delivered the cement sued for to one Ed. Funk who at the time of the sale was president of the village board of the Village of Exeter; that said Funk ordered the cement and at the time he gave the order said to appellants that it was for the Village of Exeter; that the cement was delivered by appellants to one Whitlock who said, when he got the cement, that it was for the village; that the cement was charged to the village upon the books of appellants and that Funk, as president of the village board, had, at different times before the sale in question, ordered cement from appellants, which the village board had paid for upon presentation of bills for the same. It is not necessary to go into a consideration of the evidence offered upon the part of the appellee farther than to state that it shows conclusively that the cement sued for was never bought nor used for the village, nor in any way contracted for, nor its purchase authorized, by the village authorities.

Under the showing made, there was no liability upon the part of the village to pay for the cement.

What the witnesses Funk and Whitlock said to appellants or their agents at the time of the sale of the cement, as to the party for whom the purchase was made, was incompetent and without force, as no attempt was made to show any authority, upon the part of either, to bind the village, nor to show that the village ever afterward ratified the purchase.

The doctrine of estoppel invoked by appellants, based upon the claim that Funk made previous purchases of cement for the village which the village paid for, has no application here as there was no showing

made that at the time of such purchase Funk did not have full and express authority to make such purchases. It would be carrying the doctrine of estoppel too far to say that because a village paid bills contracted by its agent at a time when he had authority to bind it, it should pay for purchases contracted by him when he had no such authority.

The judgment was right and is affirmed.

*Affirmed.*